Matthias, J.
The demurrer to the answer of the county board of education presents the question whether subsequent to the taking of a vote on the centralization of the schools of a rural school district, resulting in favor of centralization, and the *4 taking of a further vote authorizing the issuance and sale of bonds for the purpose of procuring a site and erecting a school building in such district, the county board of education is authorized to transfer territory from such rural school district to another school district in the comity.
Much that was said in the opinion in the case of County Board of Education of Hancock County v. Boehm, 102 Ohio St., 292, relative to the many and frequent changes and amendments of the school laws of the state, particularly those tending toward the accomplishment of the very evident purpose of the legislative body to vest broader and more comprehensive authority in the county boards of education, has application to the consideration of the question presented in this case. The amendment of Section 4727, General Code, April 16, 1919, clearly evinces such purpose by the use of language that is plain in its terms and easy of application. It is therein provided that “nothing in this or the foregoing sections, namely, sections 4726 and 4726-1, shall prevent a county board of education upon the petition of two-thirds of the qualified electors of the territory petitioning for transfer, from transferring territory to or from a centralized school district, the same as to or from a district not centralized. ’ ’ That provision was enacted subsequent to the decision of the case of State, ex rel. Snapp, v. Goul et al., Board of Education of Champaign Co. School District, 97 Ohio St., 259, and apparently was enacted to confer upon the county board of education the very power and authority which this court found and declared it did not have under laws then in effect. The provisions of Section 4727, General Code, at that time, as held in *5 the Goul case, negatived the authority of the county board under the circumstances presented in that case to transfer territory from such district, and as the court there stated constituted an exception to the general powers then conferred by Section 4696, General Code.
Then the general assembly amended Section 4727, General Code, in such manner as to specifically confer authority upon the county board of education to transfer territory either to or from a centralized school district, the same as to or from a district not centralized, if two-thirds of the qualified electors of such territory petition for the transfer thereof. The plain and pertinent provisions of this amendment cannot be ignored, but must be recognized and applied. The difficulty in this ease seems to have arisen from attempting to apply to the conditions here presented the decisions of this court based upon provisions of statutes formerly in force, disregarding the very material subsequent amendment of those statutes.
It is conceded that a petition such as is provided for by Section 4727, General Code, was presented to the county board of education in this case, and that the county board of education acted pursuant thereto; but it is urged in effect that the proceeding for the transfer of territory was premature, the centralization of the schools not having been completed, and the decree of injunction awarded by the court of appeals, in- harmony with that contention, restrains such transfer only “until the proceedings in the matter of centralization of the Benton Township Rural School District have been regularly completed.”
*6 Concededly then as soon as the proceedings in the matter of such centralization were “completed,” the action now complained of and restrained could be taken by the county board of education. It is clear that if the proceedings thus far taken by the Benton township rural school district had not effected the centralization of the schools:, any portion of the territory thereof could be transferred by the board of education under authority of the provisions of ¡Section 4692, General Code; and if centralization thereof had been effected the same authority is conferred upon the county board of education by Section 4727, General Code, provided the necessary petition be filed with such board.
In view of this situation and of the power now vested in such county board of education it would seem a vain and futile thing to merely suspend its action making this transfer of territory until bonds were issued and money procured and expended in the erection of a building, the convenience of location and the required dimensions of which would probably be affected by a transfer of a portion of such district, which it is known will be accomplished immediately thereafter. In our opinion, however, the county board of education was within its jurisdiction and authorized to take the action at the time it did.
The Benton township rural school district could properly be characterized as a “centralized district” within the provisions of Section 4727, General Code, from the time of the certification of the result of the election wherein the proposition to centralize carried. The further provisions of Section 4726, General Code, relative to the erection of a building are *7 permissive merely, the authority for the erection of necessary school buildings and the issuance of bonds for such purpose being fully conferred by specific provisions of other statutes.
The demurrer to the answer should have been overruled and for error in sustaining the same the judgment of the court of. appeals is reversed.

Judgment reversed..

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.